JOURNEYMEN TAILORS' UNION OF ST. LOUIS et al., Respondents, v. CUSTOM JOURNEYMEN TAILORS' UNION OF ST. LOUIS et al., Appellants.

St. Louis Court of Appeals, November 15, 1898.

Rules of Appellate Court: PRACTICE, APPELLATE. Rule fifteen, of the court of appeals, is reasonable, just and necessary, designed to aid the appellate court in reviewing the rulings and judgments of the lower courts, in cases brought up by appeal or writs of error, and a compliance with the rule is exacted.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

JOHN F. McDERMOTT for respondent.

The constitution and by-laws of a voluntary society or association is a contract between its members, and as such is binding upon all of them. Kuehl v. Meyer, 42 Mo. App. 474. Where the constitution or by-laws of a voluntary society or association provide, that so long as any given number of its members desire to keep it in existence, the society will remain in existence so long as the number of members named as the minimum in its constitution or by-laws so desire, no matter how preponderating a number may vote for its dissolution. Kuehl v. Meyer, 42 Mo. App. 474; Kuehl v. Meyer, 50 Mo. App. 648. Where an action has been commenced by the officers *de facto* of a corporation (no other persons claiming a right to act as the officers of the corporation), the defendant can not be permitted to show, for the purpose of defending the action that the officers were illegally elected. Angell and Ames on Corp., sec. 286; Granville Charitable Ass'n v. Baldwin, 1 Met. 359–365; Green v. Cady, 9 Wend. 414; Elizabeth City Academy v. Lindsay, 6 Ired. 476. Principles which govern voluntary associations under the law and decisions of this state in regard to the election of officers are the same as those applicable to corporations. Kuehl v. Meyer, 42 Mo. App. 474. For all of the foregoing reasons it is respectfully submitted that the decision of the lower court should be sustained.

JAMES M. SUTHERLAND for defendants (except Boatman's Bank).

The principles which govern voluntary associations, under the law and decisions of this state, in regard to the calling of meetings, etc., are the same as those applicable to corporations. Kuhl v. Meyer, 42 Mo. App. 478; Smith v. Darnley, 2 H. of L.'s cases, 789; Commonwealth v. Guardians, 6 Serg. & R. 469, 474; Kuyston v. Mayor Shrewsbury, 2 Strange, 1051; 2 Beach on Priv. Corp., sec. 910. Where the charter, constitution or by-laws of an association prescribe the time or manner of calling a meeting and of notifying the members, it is essential to the validity of the acts done at the meeting that the notice should be given as thus prescribed. Kuhl v. Meyer, *supra;* Hunt v. School Dist., 14 Vt. 300; Stow v. Wyse, 7 Conn. 214; Stockholders, etc., v. Railroad, 12 Bush (Ky.), 62; Angell and Ames on Corp., sec. 495; Hill v. Rich Hill Mining Co., 119 Mo. 9; Ins. Co. v. Holmes, etc., 68 Mo. 601; People v. Batchelor, 22 N. Y. 134. To any action brought by a corporation against a shareholder, such shareholder may plead as a defense thereto the fact that the directors—the officers controlling it—weie not legally elected. Taylor on Priv. Corp., 189 and 190; Ins. Co. v. Westcott, 14 Gray, 440; Coal Co. v. Tague, 5 H. and N. 151; State v. Curtis, 9 Nev. 325; Orr Water Ditch Co. v. Reno Water Co., 17 N. W. Rep. 166. The court erred in not refusing to give at the close of the whole case, the instruction of defendants in the nature of a demurrer to the evidence.

BLAND, P. J.—Rule fifteen of this court requires the appellant, or plaintiff in error, in all civil cases, to file with the clerk of the court, at least one day before

the case is called for trial, four copies of a brief, containing: *First.* A clear and concise statement of the *pleadings* and facts shown by the record." * * * Rule nineteen provides, that for failure to comply with the requirements of rule fifteen the court, "when the cause is called for hearing, will dismiss the appeal or writ of error, or in its discretion, continue or reset the cause on proper terms." Appellants have filed what they have chosen to call a brief, but in it not a word is said about the pleadings, nor is there even an attempt to set forth a statement of the facts. Rule fifteen is reasonable, just and necessary, designed to aid this court in reviewing the rulings and judgments of the lower courts, in cases brought here by appeal or on writs of error, and we are under the necessity of exacting compliance with its requirements. An examination of the record has satisfied us that the judgment is for the right party, hence there is no just grounds for continuing or resetting the case, and in the exercise of our discretion we decline to do so. Wherefore it is ordered that the appeal be dismissed for failure of appellant to comply with rule fifteen, and that the judgment of the circuit court be affirmed.

All concur.